UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ALAN HUBBLE,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   Case No. CIV-12-220-R<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant Experian Information Solutions, Inc ("Experian"), by its undersigned counsel, and in answer to the Petition,[1] states as follows:

1. In response to paragraph 1 of the Petition, Experian is informed and believes Plaintiff is a resident of Oklahoma County, Oklahoma. To the extent that Plaintiff is also a resident of McClain County, Oklahoma, Experian is without knowledge information sufficient to form a belief as to the truth of the allegations and, on that basis, denies this allegation. Experian admits that Plaintiff's social security number ends in 9129 and that Plaintiff's year of birth is 1965.

2. In response to paragraph 2 of the Petition, Experian states that there is no entity with the capacity to be sued known as "Experian." The correct name of the Defendant herein is Experian Information Solutions, Inc. Experian admits that it is a

---

[1] Plaintiff's Petition was filed in the District Court of McClain County, Oklahoma, Case No. CS 2012-4, which was removed to this Court pursuant to 28 U.S.C. § 1441 on February 27, 2012.

consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

3. In response to paragraph 3 of the Petition, Experian admits the referenced public record judgment (Case No. 931-CV17507, Grenne County (Missouri), Associate Court) was contained in Plaintiff's Experian credit file. Experian denies that the referenced public record judgment currently is contained in Plaintiff's Experian credit file. Except as specifically admitted or denied, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, the remaining allegations contained therein.

4. In response to paragraph 4 of the Petition, Experian admits receiving a photocopy of an email from attorney William F. Whealen, Jr., to Plaintiff, stating that "the Mark Hubble against whom 0931-CV17507 has a social security number with the last 4 digits of: 3412." Experian admits that the Greene County Associate Court records identify the defendant's year of birth in the public record judgment (Case No. 931-CV17507) as 1984. Experian admits that the judgment in Greene County Associate Court (Case No. 931-CV17507) is not against Plaintiff. Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5. In response to paragraph 5 of the Petition, Experian admits that Plaintiff disputed the reference judgment (Case No. 931CV17507) with Experian through the internet on October 13, 2011, through the internet on November 1, 2011, through the mail

processed November 17, 2011, and through the mail processed January 4, 2012. Experian admits the allegations of the second sentence of paragraph 5. Experian admits receiving a photocopy of an email from attorney William F. Whealen, Jr., to Plaintiff, stating that "the Mark Hubble against whom 0931-CV17507 has a social security number with the last 4 digits of: 3412." Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Petition, Experian denies, generally and specifically, each and every allegation contained therein.

7. In response to the prayer following paragraph 6 of the Petition, Experian denies, generally and specifically, that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

8. The Petition herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

9. All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

10. Plaintiff has failed to mitigate his damages.

11. Plaintiff's alleged damages were not caused by Experian, but by an independent intervening cause.

WHEREFORE, Defendant, Experian Information Solutions, Inc. prays as follows:

(1)  That Plaintiff take nothing by virtue of the Petition herein and that this action be dismissed in its entirety;

(2)  For costs of suit and attorneys' fees herein incurred; and

(3)  For such other and further relief as the Court may deem just and proper.

Dated: March 28, 2012

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | s/ Jimmy Goodman |
| (Admitted Pro Hac Vice) | Jimmy Goodman |
| Katherine J. Lyons | Oklahoma Bar No. 3451 |
| Texas Bar No. 24070191 | Crowe & Dunlevy, P.C. |
| JONES DAY | 20 North Broadway, Suite 1800 |
| 2727 North Harwood Street | Oklahoma City, OK  73102 |
| Dallas, TX  75201.1515 | Telephone:  (405) 235-7717 |
| Telephone:   +1.214.220.3939 | Facsimile:   (405) 272-5272 |
| Facsimile:   +1.214.969.5100 | E-mail: |
| E-mail:   kjlyons@jonesday.com | jimmy.goodman@crowedunlevy.com |

ATTORNEYS FOR DEFENDANT
EXPERIAN INFORMATION
SOLUTIONS, INC.

Case 5:12-cv-00220-R   Document 12   Filed 03/28/12   Page 5 of 5

- 5 -

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 28th day of March, 2012, he mailed, postage prepaid, a copy of the above and foregoing document, Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses to:

Mark Alan Hubble
8177 Skyline Dr.
Blanchard, OK 73010

                                            s/ Jimmy Goodman
                                            Jimmy Goodman